**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 13 2009

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-30271 |
| | ) | |
| Brenda S. O'Guinn, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

This case is before the court on the Chapter 7 Trustee's objection to exemptions claimed by Debtor in a 2003 Honda Civic under Ohio Revised Code §§ 2329.66(A)(2) and (18) ("Objection"). [Doc. # 114]. For the reasons that follow, the Trustee's Objection will be sustained.

Debtor filed her original Chapter 13 bankruptcy petition on January 30, 2007. On her Schedule C, she claimed an exemption in her 2003 Honda Civic under Ohio Revised Code § 2329.66(A)(2) in the amount of $1,000, the maximum amount allowed under that provision at that time. On September 30, 2008, during the pendency of her Chapter 13 case, amendments to Ohio's exemption statute became effective. The amended statute increased the exemption permitted under § 2329.66(A)(2) in a motor vehicle to $3,225 and increased Ohio's wildcard exemption permitted under § 2329.66(A)(18) from $400 to $1,075. On October 20, 2008, Debtor converted this case to a case under Chapter 7. Thereafter, she amended her Schedule C in order to claim exemptions in her 2003 Honda Civic under §2329.66(A)(2) and (A)(18) as amended.

## LAW AND ANALYSIS

The issue presented in this case is whether the date of conversion from a case under Chapter 13 to one under Chapter 7 or the date of the original filing determines the applicable exemption law. This determination is governed by § 522(b) and § 348(a) of the Bankruptcy Code.

As authorized by 11 U.S.C. § 522(b)(1), the Ohio legislature has opted out of the federal bankruptcy exemptions established under 11 U.S.C. § 522(d). *See* Ohio Rev. Code § 2329.662. Under § 522(b)(3)(A), a debtor may exempt "any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition." When a case is filed under one chapter of the Bankruptcy Code and later converted to a case under another chapter, § 348(a) provides that the conversion "does not effect a change in the date of filing of the petition." 11 U.S.C. § 348(a). The plain language of these two statutes, read together, requires a determination that the law applicable on the date of filing, not the date of conversion, controls exemptions. *See Marcus v. Zeman (In re Marcus)*, 1 F.3d 1050, 1051 (10th Cir. 1993) (finding that the law applicable on the date of filing controls exemptions rather than the date of conversion); *Lowe v. Sandoval (In re Sandoval)*, 103 F.3d 20, 22-23 (5th Cir. 1997) (finding homestead exemption in case converted to Chapter 7 must be determined as of the date of filing the original Chapter 13 case); *In re Lude*, 291 B.R. 109, 111 (Bankr. S.D. Ohio 2003) (finding that the factual and legal right to claim an exemption is determined as of the date the original petition is filed); *see also In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D. Ohio 2005) (explaining that "a court cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute").

In this case, Ohio exemption law applies to Debtor as she has been domiciled in this state for more than the 730 days preceding the date of the filing of her petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 24, SOFA question 15. Ohio law in effect on the date Debtor filed her Chapter 13 petition limited exemptions under Ohio Revised Code § 2329.66(A)(2) and (A)(18) to $1,000 and $400, respectively. Debtor is not entitled to the greater exemptions claimed on her amended Schedule C under those provisions as amended after the date of her original filing.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection [Doc. # 114] be, and hereby is, **SUSTAINED.**

U

2

07-30271-maw    Doc 120    FILED 07/13/09    ENTERED 07/13/09 14:50:24    Page 2 of 2